Deed dated February 15, 1995
D.B. 3475, p. 497

**Exhibit A**

PARTIALLY EXEMPT FROM RECORDATION TAXES
UNDER SECTIONS 58.1-811(A)(3)

THIS DEED is made this 15th day of February, 1995, by and between

NATIONSBANK OF VIRGINIA, N.A. (herein referred to as the "Grantor"), a national

banking association, and the CITY OF VIRGINIA BEACH, (herein referred to as the

"Grantee"), a municipal corporation of the Commonwealth of Virginia.

## W I T N E S S E T H:

That for and in consideration of the sum of TEN DOLLARS ($10.00) cash in

hand paid, and other good and valuable consideration, the receipt of which is hereby

acknowledged, the Grantor does hereby grant and convey, with SPECIAL WARRANTY,

unto the Grantee the following described property, to wit:

## TRACT 1, PARCEL 1

All that certain lot, tract or parcel of land together with
improvements thereon belonging, lying, situate and being in the
City of Virginia Beach, Virginia and designated and described
as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P.47
M.B. 179, P. 17 GPIN NO. 1484-59-9045 AREA = 5,876,979
SQ. FT. = 134.917 ACRES PARCEL 1" as shown on that
certain plat entitled: "SHEET 3 OF 9" "PLAT SHOWING
PROPERTY TO BE CONVEYED TO THE CITY OF
VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA
N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH
VIRGINIA BEACH, VIRGINIA SURVEY BUREAU
ENGINEERING DIVISION DEPARTMENT OF PUBLIC
WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE:
FEB. 14, 1995 SCALE 1"=200'." Said plats are recorded in

GPINS:     1484-59-9045, 1484-36-6856, 1484-57-9359, 1484-76-2033, 1484-45-8720
           1494-34-1160, 1494-26-6819, 1484-86-9245, 1484-87-1819, 1484-87-9998,

the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at pages 26, et seq. to which references are made for a more particular description.

## TRACT 1, PARCELS 3 & 8

All that certain lot, tract or parcel of land together with improvements thereon belonging, lying, situate and being in the City of Virginia Beach, Virginia and designated and described as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P. 47 D.B. 2709, P. 2219 GPIN NO. 1484-36-6856 AREA = 3,399,962 SQ. FT. = 78.052 ACRES PARCEL 3 & 8" as shown on those certain plats entitled: "SHEETS 3 & 4 OF 9" "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE: FEB. 14, 1995 SCALE: 1"=200'." Said plats are recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at pages 26, et seq. to which references are made for a more particular description.

## TRACT 1, PARCEL 4

All that certain lot, tract or parcel of land together with improvements thereon belonging, lying, situate and being in the City of Virginia Beach, Virginia and designated and described as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P. 47 M.B. 186, P. 69 GPIN NO. 1484-57-9359 AREA = 5,398,081 SQ. FT. = 123.923 ACRES PARCEL 4" as shown on those certain plats entitled: "SHEETS 2, 3 & 4 OF 9" "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE: FEB. 14, 1995 SCALE: 1"=200'." Said plats are recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at pages 26,

et seq. to which references are made for a more particular description.

## TRACT 1, PARCEL 7

All that certain lot, tract or parcel of land together with improvements thereon belonging, lying, situate and being in the City of Virginia Beach, Virginia and designated and described as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P. 47 M.B. 18, P. 36 TOTAL AREA = 6,855,575 SQ. FT. = 157.382 ACRES (AREA INCLUDES CEMETARY" "PARCEL 7" "GPIN NO. 1484-76-2033" "GPIN NO. 1484-45-8720" as shown on those certain plats entitled: "SHEETS 2 & 4 OF 9" "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE: FEB. 14, 1995 SCALE: 1"=200'." Said plats are recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at pages 26, et seq. to which references are made for a more particular description.

## TRACT 2, PARCEL 2

All that certain lot, tract or parcel of land together with improvements thereon belonging, lying, situate and being in the City of Virginia Beach, Virginia and designated and described as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P.47 D.B. 2521, P. 1294 (PLAT) M.B. 101, P. 38 GPIN 1494-34-1160 AREA = 18,044,285 SQ. FT., 414.240 ACRES PARCEL 2" "SHEETS 5, 6, 8 & 9 OF 9" and further designated and described as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P.47 M.B. 183, P. 65 GPIN NO. 1494-34-1160 AREA = 18,044,285 SQ. FT. = 414.240 ACRES PARCEL 2" "SHEET 7 OF 9" as shown on those certain plats entitled: "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA

DATE: FEB. 14, 1995 SCALE: 1"=200'." Said plats are recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at pages 26, to which references are made for a more particular description.

## TRACT 2, PARCEL 5

All that certain lot, tract or parcel of land together with improvements thereon belonging, lying, situate and being in the City of Virginia Beach, Virginia and designated and described as: "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P. 47 D.B. 2521, P. 1294 (PLAT) M.B. 101, P. 38 GPIN NO. 1494-26-6819 AREA = 567,420 SQ. FT. = 13.026 ACRES PARCEL 5" as shown on the certain plats entitled: "SHEETS 7 & 8 OF 9" "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE: FEB. 14, 1995 SCALE: 1"=200'." Said plats are recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at page 26, et seq. to which references are made for a more particular description.

## TRACT 2, PARCEL 6

All those three certain lots, tracts or parcels of land together with improvements thereon belonging, lying, situate and being in the City of Virginia Beach, Virginia and designated and described as: (1) "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P.47 D.B. 2488, P. 869 GPIN NO. 1484-86-9245 AREA = 5,666,536 SQ. FT. = 130.086 ACRES PARCEL 6", (2) "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P.47 M.B. 93, P. 34 GPIN NO. 1484-87-1819 AREA = 130,680 SQ. FT. = 3.000 ACRES PARCEL 6", and (3) "NATIONS BANK OF VIRGINIA N.A. D.B. 3379, P.47 M.B. 62, P. 21 GPIN NO. 1484-87-9998 AREA = 6,003,398 SQ. FT. = 137.819 ACRES PARCEL 6" as shown on those certain plats entitled: "SHEETS 5 & 6 OF 9" "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF

BK3475PG0501

VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE: FEB. 14, 1995 SCALE: 1"=200'." Said plats are recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at page 26, to which references are made for a more particular description.

It being the same property conveyed to the Grantor by Deed of Independent Trustees of Virginia, Inc., a Virginia corporation, Substitute Trustee, dated April 19, 1994, and recorded in the aforesaid Clerk's Office in Deed Book 3379, at page 0047.

The Grantor further hereby grants, releases, and forever QUITCLAIMS unto the Grantee all its right, title and interest, if any, in the following described property:

All rights, title and interest, if any, on over and through the 30' right-of-way to Princess Anne Road as designated and described as: "EXISTING 30' R/W (M.B. 6, P. 243)" as shown on the certain plat entitled: "SHEET 7 OF 9" "PLAT SHOWING PROPERTY TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH FROM NATIONS BANK OF VIRGINIA N.A. KEMPSVILLE AND PRINCESS ANNE BOROUGH VIRGINIA BEACH, VIRGINIA SURVEY BUREAU ENGINEERING DIVISION DEPARTMENT OF PUBLIC WORKS CITY OF VIRGINIA BEACH, VIRGINIA DATE: FEB. 14, 1995" SCALE: 1"=200'." Said plat is recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 241, at pages 26, et seq. to which reference is made for a more particular description.

This conveyance is made subject to any covenants, conditions, restrictions and easements of record insofar as they may lawfully affect the property.

IN WITNESS WHEREOF, the Grantor has caused this Deed to be executed

5

on its behalf by its duly authorized representatives under seal.

NATIONSBANK OF VIRGINIA, N.A., a national banking association

_____(SEAL)
John C. Austin, Vice-President

STATE OF VIRGINIA
CITY OF _Virginia Beach_, to-wit:

I, _Joann H. Lehr_, a Notary Public in and for the City and State aforesaid, do hereby certify that John C. Austin, as Vice-President, on behalf of NATIONSBANK OF VIRGINIA, N.A., whose name is signed to the foregoing writing, bearing date the 15th day of February, 1995, has acknowledged the same before me in my City and State aforesaid.

Given under my hand this _15th_ day of _February_, 1995.

_____
Notary Public

My commission expires: _September 30, 1995_

RECORDED WITH
CERTIFICATE ANNEXED

95 FEB 16 AM II: 53

SEAL RECORDATION TAX $9,500.00
VIRGINIA BEACH, VA
TESTE: _____
CLERK, CIRCUIT COURT

6

Deed and Plats dated October 14 & 15, 1997
D.B. 3799, p. 626; plats M.B. 262, pp. 49–52

**Exhibit B**

0027727

BK3799PG0626

Exemption Claimed §58.1-811(E)

This instrument prepared by the
Virginia Beach City Attorney's Office

## MEMORANDUM OF GROUND LEASE
### FOR TPC GOLF COURSE

**THIS MEMORANDUM OF GROUND LEASE**, dated as of the ___8th___ day of October, 1997, by and between the **CITY OF VIRGINIA BEACH, VIRGINIA**, a municipal corporation of the Commonwealth of Virginia (the "Landlord" and for indexing purposes, the "Grantor"), and the **CITY OF VIRGINIA BEACH DEVELOPMENT AUTHORITY**, a political subdivision of the Commonwealth of Virginia (the "Tenant" and for indexing purposes, the "Grantee"), recites and provides:

### RECITAL:

By Ground Lease of even date, between the Landlord and the Tenant (the "Ground Lease"), the Landlord leased and demised to the Tenant, and the Tenant leased and rented from the Landlord, certain real estate located in the City of Virginia Beach, Virginia, and more particularly described on **Exhibit A** attached hereto. The Landlord and the Tenant now wish to enter into a memorandum of lease, in accordance with the provisions of Va. Code §55-57.1, and to record such memorandum of lease in order to provide record notice of the Ground Lease.

### MEMORANDUM OF LEASE:

Pursuant to Va. Code § 55-57.1; the Landlord and the Tenant do hereby state the following:

1.    The name of the Landlord is the CITY OF VIRGINIA BEACH, VIRGINIA, a municipal corporation of the Commonwealth of Virginia.

2.    The name of the Tenant is the CITY OF VIRGINIA BEACH DEVELOPMENT AUTHORITY, a political subdivision of the Commonwealth of Virginia.

3.    The Landlord has leased to the Tenant the Leased Property (as hereinafter defined) pursuant to the terms, provisions and conditions contained in the Ground Lease.

4.    (a)    The address of the Landlord is:
        City of Virginia Beach
        Municipal Center
        Virginia Beach, Virginia  23456
        Attn:  City Manager

        with a copy to:

        City Attorney's Office
        City of Virginia Beach

GPIN# 1494-34-1160, 1494-45-8778 and 1494-51-6777

BK3799PG0627

Municipal Center
Virginia Beach, Virginia  23456
Attn:  City Attorney

(b)    The address of the Tenant is:

City of Virginia Beach
Development Authority
One Columbus Center, Suite 300
Virginia Beach, Virginia  23462
Attn:  Chairman

with copies to:

Director of Economic Development
One Columbus Center, Suite 300
Virginia Beach, Virginia 23462

and

City Attorney's Office
City of Virginia Beach
Municipal Building
Virginia Beach, Virginia  23456
Attn:  Gary L. Fentress, Esquire

5.    The effective date of the Ground Lease is October 8, 1997.

6.    A description of the real estate comprising the leased premises (referred to herein as the "Leased Property"), is attached hereto as Exhibit A.

7.    The term of the Ground Lease is forty (40) years and shall begin October 8, 1997, and shall end on October 7, 2037, unless sooner terminated by operation of law or pursuant to the terms of the Ground Lease.

8.    The Landlord and the Tenant hereby represent and warrant that they have full power, authority and right to execute and deliver this Memorandum of Ground Lease.

IN WITNESS WHEREOF, the Landlord and the Tenant have caused this Memorandum of Ground Lease to be executed by their duly authorized representatives.

2

BK3799PG0628

**LANDLORD:**

**CITY OF VIRGINIA BEACH**

BY: _____
City Manager/Designee of the City Manager

**TENANT:**

**CITY OF VIRGINIA BEACH DEVELOPMENT AUTHORITY**

BY: _____
Chairman/Vice Chairman

COMMONWEALTH OF VIRGINIA )
) ss
CITY OF VIRGINIA BEACH, )

The foregoing instrument was acknowledged before me this 9th day of October, 1997, by James K Spore, as City Manager/Designee of the City Manager of the City of Virginie Beach, Virginia, a municipal corporation of the Commonwealth of Virginia, on its behalf.

_____
Notary Public

My commission expires: 02-28-1998

3

COMMONWEALTH OF VIRGINIA )
) ss
CITY OF VIRGINIA BEACH, )

The foregoing instrument was acknowledged before me this _10_ day of _October_, 1997, by _F. Dudley Fulton_, _Vice Chairman_ of the City of Virginia Beach Development Authority, a political subdivision of the Commonwealth of Virginia, on its behalf.

_____
Notary Public

My commission expires:___1-31-2000___

4

BK 3799 PG 0630

## EXHIBIT A

**ALL THOSE CERTAIN** tracts, pieces or parcels of land, situate, lying and being in the City of Virginia Beach, Virginia, designated and described as "LAKE RIDGE PROPERTY LEASE TRACT, AREA = 12,141,251 SQ. FT. = 278.72477 ACRES", and PRINCESS ANNE COMMONS LEASE TRACT, AREA = 1,339,740 SQ. FT. = 30.75620 ACRES" and "LAKE RIDGE PROPERTY LEASE TRACT, AREA = 8,132,598 SQ. FT. = 186.69876 ACRES" as shown on that certain plat entitled: "EXHIBIT PLAT SHOWING PORTIONS OF LAKE RIDGE PROPERTY AND PRINCESS ANNE COMMONS FOR TPC GOLF COURSE, KEMPSVILLE AND PRINCESS ANNE BOROUGHS - VIRGINIA BEACH, VIRGINIA", dated Oct. 02, 1997, prepared by Survey Bureau, Engineering Division, Department of Public Works, City of Virginia Beach, Virginia, which plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 262, at pages 49 and 50; and that certain plat entitled "EXHIBIT PLAT SHOWING LEASE OF A PORTION OF LAKE RIDGE PROPERTY FOR TPC GOLF COURSE KEMPSVILLE AND PRINCESS ANN BOROUGHS - VIRGINIA BEACH, VIRGINIA," dated October 3, 1997, prepared by Survey Bureau, Engineering DIVISION, Department of Public Works, City of Virginia Beach, Virginia, which plat is duly recorded in Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 262, at pages 51 and 52).

F \WP\LRJ\PGA\DD\REST\VE\ROAD LSE

Revision Date   October 15  1997

5

RECORDED WITH
CERTIFICATE ANNEXED

97 OCT 15 PM 12: 55

§58 1-6C.
VIRGINIA BEACH. VA

TESTE

CLERK CIRCUIT COURT







MB 262 B 51

LOCATION MAP          SCALE: 1" = 2640'

NOW OR FORMERLY
CITY OF VIRGINIA BEACH
D.B. 3475  PG. 497
D.B. 2488  PG. 869 (PLAT)
GPIN  1484 86 9245

VIRGINIA STATE PLANE COORDINATE
SYSTEM, SOUTH ZONE N.A.D.1983/86

LEASE LINE

LAKE RIDGE PROPERTY
LEASE TRACT

CITY OF VIRGINIA BEACH
D.B. 3475  PG. 497
M.B. 241  PG. 33
GPIN  1494 34 1160

AREA = 8,132,598 SQ. FT. = 186.69876 ACRES

N. LANDSTOWN ROAD (30' R/W)
(M.B. 13  PG. 39)

APPROVED: _Charles L. Herr_  DATE: _10/14/97_
for DIRECTOR OF PLANNING, CITY OF VIRGINIA BEACH, VIRGINIA

N = 3,445,129.44
E = 12,188,268.20

LEGEND
—•— PIN (FOUND)
—○— CORNER (NOT SET)
—○— PIPE (FOUND)

NOTE (1): MERIDIAN SOURCE IS BASED ON VIRGINIA STATE PLANE COORDINATE SYSTEM, SOUTH ZONE N.A.D.1983/86.
COORDINATE VALUES ARE EXPRESSED IN INTERNATIONAL FEET (ONE FOOT EQUALS 0.3048 METERS).

NOTE (2): THIS PLAT DOES NOT CONSTITUTE A SUBDIVISION OF LAND.

☐ DENOTES PROPERTY FOR LEASE. LEASE AREA = 8,132,598 SQ. FT. = 186.69876 ACRES.

NOW OR FORMERLY
GLENNELL T. BELL
W.B. 85  PG. 2437
M.B. 116  PG. 35
GPIN  1484 94 8243

N = 3,444,694.99
E = 12,189,944.46

LEASE LINE        AXLE (F)

SCALE 1" = 200'
0'        200'        400'

SHEET 1 OF 2

VIRGINIA:

IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH, VIRGINIA,
ON THE _10th_ DAY OF _OCTOBER_ 1997. THIS PLAT WAS RECEIVED AND ADMITTED
TO RECORD IN _MB_ BOOK _262_ AT PAGE _51_.

TESTE: _J. Curtis Fruit_ CLERK
BY: _Pamela M. Grace_ D.C.

EXHIBIT PLAT SHOWING
LEASE OF
A PORTION OF LAKE RIDGE PROPERTY
FOR
TPC GOLF COURSE

KEMPSVILLE AND PRINCESS ANNE BOROUGHS —— VIRGINIA BEACH, VIRGINIA
SURVEY BUREAU
ENGINEERING DIVISION
DEPARTMENT OF PUBLIC WORKS
CITY OF VIRGINIA BEACH, VIRGINIA

| DATE: OCT. 03, 1997 | SCALE: 1" = 200' | DRAWN BY: JAL | FIELD BOOK: | FILE: HORIZONTAL FILE 1 800C DRAWER II |



Deed dated, February 19, 2018
Instrument No. 201800014036

**Exhibit C**

THIS INSTRUMENT PREPARED BY VIRGINIA
BEACH CITY ATTORNEY'S OFFICE
(ALEXANDER W. STILES – VSB# 41934)

EXEMPTED FROM RECORDATION TAXES
UNDER SECTIONS 58.1-811(A)(3) AND 58.1-811(C)(5)

TITLE INSURANCE UNDERWRITER: UNKNOWN

CONSIDERATION: $0.00

```
20180221000140360  1/5
City of Virginia Beach
02/21/2018
07:50:26 AM DEEDEX
Tina E. Sinnen, Clerk
```

THIS DEED made this _19th_ day _Feb._, 20_18_, by and between the **CITY OF VIRGINIA BEACH**, a municipal corporation of the Commonwealth of Virginia (the "GRANTOR"), and the **CITY OF VIRGINIA BEACH DEVELOPMENT AUTHORITY**, a political subdivision of the Commonwealth of Virginia (the "GRANTEE").

## WITNESSETH:

That for and in consideration of the sum of TEN DOLLARS ($10.00) cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor does hereby grant and convey, with SPECIAL WARRANTY, unto the Grantee, the following described property, to wit:

> PARCEL ONE:
> ALL THAT certain lot, tract or parcel of land, situate lying and being in the City of Virginia Beach, Virginia, designated and described as "PARCEL C" as shown on that certain plat entitled "AMENDED RESUBDIVISION OF PROPERTY OF THE CITY OF VIRGINIA BEACH (D.B. 3475, PG. 497), (D.B. 4346, PG. 447), (D.B. 3983, PG. 1290), (D.B. 4394, PG. 1669), (D.B. 4560, PG. 83), (D.B. 3770, PG. 269) (IN. 20150819000800090) TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH DEVELOPMENT AUTHORITY VIRGINIA BEACH, VIRGINIA", dated February 7, 2017, prepared by WPL, and recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia (the "Clerk's Office") as Instrument Number 20170718000601850, reference to which is made for a more particular description.

Parcel One: GPIN: 1494-17-6545 (new)
Parcel Two: GPIN: 1494-45-9345 (new)
Parcel Three: GPIN: 1484-88-2692
(Portions of former GPINs: 1484-87-9998, 1494-24-9673, 1494-26-6819, 1494-27-3399, 1494-27-3629, 1494-27-7224, 1494-27-8234, 1494-27-8187, 1494-27-9027, 1494-37-0144, 1494-45-5995, 1494-45-7855, 1494-25-0487, 1494-45-9734)

RECEIVED
VIRGINIA BEACH CIRCUIT CT.

2018 FEB 20 PM 2:

TINA E SINNEN, CLERK

1

RESERVING UNTO THE CITY all right, title and interest of the City in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to appurtenant to or in any way benefiting the above-described property.

IT BEING a portion of the same property conveyed to the City of Virginia Beach as follows:

1)   Deed from NationsBank of Virginia, N.A., dated February 15, 1995, and recorded in the Clerk's Office in Deed Book 3475, at page 497.

2) Deed from Silas H. T. Chand and Carol F. Chang, Trustees, dated January 3, 2001, and recorded in the Clerk's Office in Deed Book 4346, at page 447.

3)   Deed from John J. Young, dated October 11, 2001, and recorded in the Clerk's Office in Deed book 4560, at page 83.

4)   Deed from Rose Lee Wilson, dated March 5, 2001, and recorded in the Clerk's Office in Deed Book 4394, at page 1669.

5)   Deed from Rogelio A. Escobar and Merle M. Escobar, dated November 4, 1998, and recorded in the Clerk's Office in Deed Book 3983, at page 1290.

6)   Deed from Southern Bank and Trust Company, dated August 6, 2015, and recorded in the Clerk's Office as Instrument No. 20150819000800090.

7)   Deed from Bernard W. Tunstall, Jr. dated July 15, 1997, and recorded in the Clerk's Office in Deed Book 3770, at page 269.

PARCEL TWO:
ALL THAT certain lot, tract or parcel of land, situate lying and being in the City of Virginia Beach, Virginia, designated and described as "PARCEL 1B" as shown on that certain plat entitled "RESUBDIVISION OF PARCEL E (I.N. 20170718000601850) AND RESIDUE OF "SITE 1" RESIDUE B (I.N. 200510180168772) PROPERTY OF THE CITY OF VIRGINIA BEACH TO BE CONVEYED TO THE CITY OF VIRGINIA BEACH DEVELOPMENT AUTHORITY VIRGINIA BEACH, VIRGINIA", dated December 15, 2016, prepared by WPL, and recorded in the Clerk's Office as Instrument Number 20171018000898330, reference to which is made for a more particular description.

2

RESERVING UNTO THE CITY all right, title and interest of the City in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to appurtenant to or in any way benefiting the above-described property.

IT BEING a portion of the same property conveyed to the City of Virginia Beach as follows:

1) 1) Deed from NationsBank of Virginia, N.A., dated February 15, 1995, and recorded in the Clerk's Office in Deed Book 3475, at page 497.

2) Deed from Bernard W. Tunstall, Jr. dated July 15, 1997, and recorded in the Clerk's Office in Deed Book 3770, at page 269.

PARCEL THREE:
ALL THAT certain lot, tract or parcel of land, situate lying and being in the City of Virginia Beach, Virginia, designated and described as "PARCEL A" as shown on that certain plat entitled "SUBDIVISION OF GPIN: 1484-87-9998, PORTION OF PROPERTIES OF THE CITY OF VIRGINIA BEACH (M.B. 241, PG. 26 & INST.# 20100323000271390) VIRGINIA BEACH, VIRGINIA", Scale: 1"=100', dated November 7, 2012, prepared by SIA, and recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia ("Clerk's Office") as Instrument Number 20131028001276130, reference to which is made for a more particular description.

RESERVING UNTO THE CITY all right, title and interest of the City in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to appurtenant to or in any way benefiting the above-described property.

IT BEING a portion of the same property conveyed to the City of Virginia Beach by deed from NationsBank of Virginia, N.A., dated February 15, 1995, and recorded in the Clerk's Office in Deed Book 3475, at page 497.

This conveyance is made subject to the covenants, conditions, restrictions and easements of record, insofar as they may lawfully affect the aforesaid property.

3

WITNESS the following signatures and seals:

**CITY OF VIRGINIA BEACH,**
a municipal corporation of the
Commonwealth of Virginia

[CITY SEAL]

By: _____
City Manager / Authorized Designee

ATTEST:

_____
Amanda Barnes, City Clerk

COMMONWEALTH OF VIRGINIA
CITY OF VIRGINIA BEACH, to wit:

I, Jennifer Anne Grundler a Notary Public in and for the City and State aforesaid, do hereby certify that Thomas M. Leahy , as ~~City Manager~~/Authorized Designee for the City of Virginia Beach, whose name is signed to the foregoing Instrument, has acknowledged the same before me in my City and State aforesaid.

Given under my hand this 19th day of February , 20 18 .

_____
NOTARY PUBLIC

My Commission Expires: 5/31/22
My Registration Number: 7037167

Commonwealth Of Virginia
Jennifer Anne Grundler - Notary Public
Commission No. 7037167
My Commission Expires 5/31/22

COMMONWEALTH OF VIRGINIA
CITY OF VIRGINIA BEACH, to wit:

I, Jennifer Anne Grundler, a Notary Public in and for the City and State aforesaid, do hereby certify that Amanda Barnes, as City Clerk for the City of Virginia Beach, whose name is signed to the foregoing Instrument, has acknowledged the same before me in my City and State aforesaid.

Given under my hand this 19th day of February , 20 18 .

_____
NOTARY PUBLIC

My Commission Expires: 5/31/22
My Registration Number: 7037167

Commonwealth Of Virginia
Jennifer Anne Grundler - Notary Public
Commission No. 7037167
My Commission Expires 5/31/22

<table>
<tr><td>

APPROVED AS TO FORM AND
LEGAL SUFFICIENCY:

_____

CITY ATTORNEY

</td><td>

APPROVED AS TO CONTENT:

CITY REAL ESTATE AGENT

</td></tr>
</table>

Mutual Non-Disclosure Agreement, City of Virginia Beach and Dragas
Management Corp./Dragas Properties LLC
(executed August 7, 2024)

**Exhibit D**

# MUTUAL NON-DISCLOSURE AGREEMENT

THIS MUTUAL NON-DISCLOSURE AGREEMENT (this "Agreement"), dated as of August _7_, 2024 is made by and between DRAGAS PROPERTIES, LLC, a Virginia limited liability company and DRAGAS MANAGEMENT, INC., a Virginia corporation (collectively, "Dragas"), and THE CITY OF VIRGINIA BEACH, a Municipal corporation of the Commonwealth of Virginia (the "City").

For good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1. <u>Confidential Information.</u> In connection with discussions between the parties hereto involving City-owned properties as shown and described on Exhibit A (the "Properties"), including the acquisition and development respectively of the Properties (the "Project"), the parties hereto (the "Disclosing Party") will disclose to the other party hereto (the "Recipient") certain information that Disclosing Party considers to be proprietary and/or confidential (hereinafter referred to as "Confidential Information"), which may include, but is not limited to conceptual plans, designs, and drawings, ideas, know-how, activities, operations, schedules and time-frames, identities of project team members and consultants, as well as reports and studies, including but not limited to those related to markets, finances, site planning, economic conditions and impacts, as well as drainage, environmental, soils, and wetlands, utilities, traffic and development matters, along with other technical and business information.

2. <u>Protection of Confidential Information.</u> The Recipient acknowledges that Disclosing Party claims its Confidential Information as a special, valuable, and unique asset. The Recipient agrees that it shall:

(a) if the Recipient is the City, and if in the opinion of the City the proposed Confidential Information is proprietary as contemplated by Virginia Code §2.2-3705.6(3), exclude such information from disclosure under the Virginia Freedom of Information Act (Va. Code §2.2-3700 et seq.) pursuant to a promise of confidentiality from the City;

(b) if the Recipient is the City, and if in the opinion of the City the proposed Confidential Information is not proprietary as contemplated by Virginia Code §2.2-3705.6(3), the City will seek to exclude such information from disclosure under the Virginia Freedom of Information Act to the extent another exclusion from disclosure is applicable;

(c) keep in confidence all Confidential Information, and that it will not directly or indirectly disclose to any third party, including any member or members of any appointed committees or commissions of the City, any Confidential Information it receives from Disclosing Party, other than its legal, accounting, project design, engineering, tax advisors and lender solely for the purpose of advising the Recipient with regard to the Project or to obtain capital (each an "Affiliate");

(d)    use the Confidential Information only as needed to assess the Project and, in particular, not use the Confidential Information in any unlawful manner; and

(e)    use reasonable care to protect the Confidential Information, and in no event use less than the same degree of care to protect the Confidential Information as it would employ with respect to its own information of like importance which it does not desire to have published or disseminated, including but not limited to having each of its advisors and affiliates execute confidentiality agreements containing materially the same terms as set forth herein.

3.    Identification of Confidential Information.    Information disclosed by Disclosing Party and entitled to protection under this Agreement shall be any information related to the Project, whether provided in writing, orally or in any other medium, all of which shall be deemed to be Confidential Information.

4.    Limitations on Confidential Information.    Confidential Information shall not include Disclosing Party's information that:

(a)    the Recipient knows at the time of disclosure, free of any obligation to keep it confidential, as evidenced by written records; or

(b)    is or becomes publicly available through written authorized disclosure by Disclosing Party.

If any portion of any Confidential Information falls within any of the above exceptions, the remainder of the Confidential Information shall continue to be subject to the requirements of this Agreement.

5.    Compelled Disclosure.    If the Recipient faces legal action to disclose Confidential Information received under this Agreement, or if disclosure is required by the Virginia Freedom of Information Act (Va. Code §2.2-3700 et seq.) then the Recipient shall, to the extent legally permitted, promptly notify Disclosing Party and, upon Disclosing Party's request, shall cooperate with Disclosing Party in contesting such a disclosure. Except in connection with failure to discharge the responsibilities set forth in the preceding sentence, the Recipient shall not be liable in damages for any disclosures pursuant to such legal action.

6.    Return of Confidential Information.    All information furnished under this Agreement shall remain Disclosing Party's property and shall be destroyed or returned to it at its written request together with all copies, extracts, plans, schematics or other reproductions in whole or in part made of such information by the Recipient. All documents, memoranda, notes and other writings whatsoever prepared by the Recipient based on Confidential Information shall be destroyed upon Disclosing Party's written request and such destruction shall be certified in writing to Disclosing Party by an authorized officer or official of the Recipient.

7.    No License.    No license under any patents or copyrights is granted or conveyed by Disclosing Party's transmittal of Confidential Information or other

information to the Recipient under this Agreement, nor shall such a transmission constitute any representation, warranty, assurance, guaranty or inducement by Disclosing Party to the Recipient with respect to infringement of intellectual property or other rights of others.

8. No Warranty. The Recipient acknowledges that Disclosing Party has not made and will not make any representation or warranty as to the accuracy or completeness of its Confidential Information or of any other information provided in connection with the Practice, and the Recipient agrees that Disclosing Party shall have no liability resulting from the use of the Confidential Information or such other information.

9. Equitable Relief. The Recipient acknowledges that its breach of this Agreement will result in immediate and irreparable harm to Disclosing Party, for which there will be no adequate remedy at law, and Disclosing Party shall be entitled to equitable relief to compel the Recipient to cease and desist all unauthorized use and disclosure of Disclosing Party's Confidential Information, in addition to any other remedy available at law.

10. Severability. Should any provisions of this Agreement be found unenforceable, the remainder shall still be in effect.

11. No Waiver. The failure of any party to require performance by another party of any provision of this Agreement shall in no way affect the full right to require such performance at any time thereafter.

12. Entire Agreement. This Agreement embodies the entire understanding between the parties respecting the subject matter of this Agreement and supersedes any and all prior negotiations, correspondence, understandings and agreements between the parties respecting the subject matter of this Agreement. This Agreement shall not be modified except by a writing duly executed on behalf of the party against whom such modification is sought to be enforced.

13. Assignment and Binding Effect. Neither party shall assign this Agreement without the other party's prior written consent, and any assignment in violation of this Agreement shall be void. This Agreement shall benefit and be binding upon the parties to this Agreement and their respective successors and permitted assigns.

14. Construction of Agreement. This Agreement has been negotiated by the parties and their respective attorneys, and the language of this Agreement shall not be construed for or against either party. This Agreement and actions taken hereunder shall be governed by, and construed in accordance with the laws of the Commonwealth of Virginia, applied without regard to conflict of law principles. Any litigation arising out of this Agreement shall be submitted solely and exclusively to the in personam jurisdiction of the Circuit Court of the City of Virginia Beach, Virginia.

15. Counterparts. Either the original or copies, including facsimile transmissions, of this Agreement, may be executed in counterparts, each of which shall be an original as against any party whose signature appears on such counterpart and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Exclusivity and Mutual Non-Disclosure Agreement as of the date and year set forth above.

DRAGAS PROPERTIES, LLC,
 a Virginia limited liability company


By: _Helen E. Dragas_____
Name: _Helen E. Dragas_
Title: _Pres. Dragas Associates, Inc., its Manager_

DRAGAS MANAGEMENT, INC,
 a Virginia corporation


By: _Helen E. Dragas_____
Name: _Helen E. Dragas_
Title: _President_


THE CITY OF VIRGINIA BEACH,
 a Municipal corporation of the Commonwealth of Virginia

By: _____
Name: _PATRICK A. DUHANEY_
Title: _CITY MANAGER_

H:\AM\Non-Disclosure Agreement\Dragas Properties_COVB\Exclusivity Non-Disclosure Agreement 7-01-2024.docx



APPROVED AS TO
LEGAL SUFFICIENCY

City Attorney's Office

# EXHIBIT A



| PARCEL | GPIN |
|--------|------|
| A | 14940352370000 |
| B | 14941372020000 |
| C | 14943449190000 |
| D | 14944125820000 |
| E | 14945234340000 |

Deed dated, August 16, 2011
Instr. 20110823000866970

**Exhibit E**

THIS INSTRUMENT PREPARED BY VIRGINIA
BEACH CITY ATTORNEY'S OFFICE
TITLE INSURANCE UNDERWRITER: Fidelity National Title Insurance Company
EXEMPTED FROM RECORDATION TAXES
UNDER SECTIONS 58.1-811(A)(3)
AND 58.1-811(C)(5) REIMBURSEMENT
AUTHORIZED UNDER SECTION 25.1-418

2011082300086697 1/9
City of Virginia Beach
08/23/2011
10:48:44 AM DEED
Tina E. Sinnen, Clerk

**THIS DEED** is made this 16th day of August, 2011, by and between LARRI PAT

DONALDSON, ROBERT J. O'BRIEN, AND ROGER CHARLES PENCE, TRUSTEES OF

KEMPSVILLE PRESBYTERIAN CHURCH (collectively, the "Grantors"), and the CITY OF

VIRGINIA BEACH, a municipal corporation of the Commonwealth of Virginia (the "Grantee").

W I T N E S S E T H:

That for and in consideration of the sum of TEN DOLLARS ($10.00) cash in hand

paid, and other good and valuable consideration, the receipt and sufficiency of which are hereby

acknowledged, the Grantors do hereby grant and convey, with SPECIAL WARRANTY, unto the

Grantee, the following described property, to wit:

PARCEL ONE (GPIN 1494-02-1476):

ALL THAT CERTAIN piece or parcel of land, with the
appurtenances thereunto belonging, situate, lying and being in the
City of Virginia Beach, Virginia, being known and designated as
"Parcel A-1 123.742 Acres", on a Release Plat of Property of William
E. Wood and Associates, recorded in the Clerk's Office of the Circuit
Court of the City of Virginia Beach, in Map Book 153, at Page 18.
Said Parcel A-1 is also a part of the 193.599 Acre parcel shown on
the Survey of Property for William E. Wood and Associates recorded
in the aforesaid Clerk's Office in Map Book 125, at Page 32.

TOGETHER WITH all right, title and interest of the Grantors, if any,
in and to any and all easements, rights of way, private roads and other
rights of access, ingress and/or egress adjacent to, appurtenant to or in
any way benefiting the above described property.

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

1

AUG 23 AM 10: 14

TINA E. SINNEN, CLERK

IT BEING a part of the same property conveyed to Mary Kathleen Duncan, Roger Charles Pence and Gerald Cline Kidd, Trustees of Kempsville Presbyterian Church by: 1) Deed dated December 15, 2009 from Sandler at Brown Farm II, LLC, recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460790; and 2) Deed dated December 18, 2009 from Sandler at Brown Farm II, LLC recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460800.

PARCEL TWO (GPIN: 1494-03-5237):

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situate, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-3 42.857 Acres" on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-3 is also a part of the 193.599 Acre parcel shown on the Survey of Property of William E. Wood and Associates, recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

TOGETHER WITH all right, title and interest of the Grantors, if any, in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to, appurtenant to or in any way benefiting the above described property.

IT BEING a part of the same property conveyed to Mary Kathleen Duncan, Roger Charles Pence and Gerald Cline Kidd, Trustees of Kempsville Presbyterian Church by: 1) Deed dated December 15, 2009 from Sandler at Brown Farm II, LLC, recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460790; and 2) Deed dated December 18, 2009 from Sandler at Brown Farm II, LLC recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460800.

PARCEL THREE (GPIN: 1494-13-7202):

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situates, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-2 27.000 Acres" on a Release Plat of
Property of William E. Wood and Associates, recorded in the Clerk's

2

Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-2 is also a part of the 193.599 Acre parcel shown on the Survey of Property for William E. Wood and Associates, recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

TOGETHER WITH all right, title and interest of the Grantors, if any, in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to, appurtenant to or in any way benefiting the above described property.

IT BEING a part of the same property conveyed to Mary Kathleen Duncan, Roger Charles Pence and Gerald Cline Kidd, Trustees of Kempsville Presbyterian Church by: 1) Deed dated December 15, 2009 from Sandler at Brown Farm II, LLC, recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460790; and 2) Deed dated December 18, 2009 from Sandler at Brown Farm II, LLC recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460800.

PARCEL FOUR (GPIN: 1484-81-7296):

The remaining portion (197± Acres) of that certain lot, or piece or parcel of land, lying situate and being in the City of Virginia Beach, Virginia, and being known, numbered and designated as "PARCEL A, 209.601 ACRES (EXCLUDED LOTS)", as shown on the plat entitled "SUBDIVISION OF PROPERTY FOR VALENTINE E. MILLER AND SYLVIA B. MILLER, PRINCESS ANNE BOROUGH-VIRGINIA BEACH, VIRGINIA", dated January 1982, which plat was made by Basgier and Associates and recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 171, at pages 20 and 21.

TOGETHER WITH all right, title and interest of the Grantors, if any, in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to, appurtenant to or in any way benefiting the above described property.

IT BEING a part of the same property conveyed to Mary Kathleen Duncan, Roger Charles Pence and Gerald Cline Kidd, Trustees of Kempsville Presbyterian Church by: 1) Deed dated December 15, 2009 from Sandler at Brown Farm II, LLC, recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No.

3

20091228001460790; and 2) Deed dated December 18, 2009 from Sandler at Brown Farm II, LLC recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460800.

LESS, SAVE AND EXCEPT FROM PARCELS ONE THROUGH FOUR:

1. That certain parcel designated as Parcel A-2, containing 3± Acres (GPIN 1483-98-7642), as shown on that certain plat entitled "Subdivision of Property Parcel A-2 A.C. Brown Family Farm, LP," recorded in Map Book 210, at page 79, conveyed to Alex Brown and Virginia S. Brown, husband and wife, by deed dated May 2, 1991, and recorded in the aforesaid Clerk's Office in Deed Book 2998, at page 258.

2. That certain parcel designated as A-1, containing 3± Acres (GPIN 1483-99-5578), as shown on that certain plat entitled "Subdivision of Property Parcel A-1 A.C. Brown Family Farm, LP," recorded in Map Book 197, at page 43, conveyed to Alexis B. Wade by deed dated May 2, 1991, and recorded in the aforesaid Clerk's Office in Deed Book 3001, at page 97; and

3. That certain parcel designated as Parcel A-3, containing 4.5± Acres (GPIN 1483-99-6027), as shown on that certain plat entitled, "Subdivision of Remainder of Parcel A (206.6 Ac.) for A.C. Brown Family Farm, LP and A.C. Brown Partnership," recorded in Map Book 216, at page 100, conveyed to Curtis B. Wolfarth by deed dated January 1, 1992, and recorded in the aforesaid Clerk's Office in Deed Book 3078, at page 2079.

PARCEL FIVE (GPIN: 1484-71-9043):

All OF THAT certain tract, piece and parcel of land, with the buildings and improvements thereon, situate, lying and being in the City of Virginia Beach, Virginia, described with reference to a certain plat and survey thereof made by David G. Holland, Surveyor, August 18, 1931, marked "Map of E.S. and T.R. Edmondson Property", recorded in Map Book 9, at page 59, in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, and by which plat the said property is described more particularly as follows:

Beginning at a pipe on the northern right-of-way line of North

4

Landing Road at its intersection with the common line between Parcel A as shown on the Reynolds subdivision (MB 129, Pg 17) and Parcel 1 of the Edmondson Farm, said pipe being the point of beginning; thence along said common lot line N 17° 09' 49" E 1,514.12 feet to a pipe; thence along the common lot line between Parcel 1 and Parcel 2 of the Edmondson Farm the following 7 courses; N 16° 31'44" E 269.41 feet; N 40° 00' 03" E 388.00 feet; N 14° 00' 03" E 115.00 feet; N 38° 30'03" E 393.00 feet; N 18° 45'03" E 739.50 feet; N 18° 14' 57" W 880.30 feet; N 02° 15' 03" E 1,018.00 feet to a point on the northern boundary of Parcel 1; thence N 77° 41' 40" E 200.00 feet to an axle on the common line between Parcel 1 and the Brown Farm; thence along said common line S 12° 09' 00" E 1,891.72 feet to a pin; thence S 11° 56'48" W 3,122.84 feet to a pin; thence departing the common line of the Brown Farm; N 57° 51' 05" W 306.31 feet to a point; thence S 16° 47'55" W 1,237.27 feet to a point on the northern right-of-way line of North Landing Road; thence along said right-of-way S 11° 02' 45" W 27.88 feet to a pipe; thence continuing along said right-of-way S 79° 55' 28" W 107.50 feet to a point; thence continuing along said right-of-way S 80° 32' 51" W 492.20 feet to the point of beginning. Said parcel containing 2,457.564 square feet, or 56.418 acres.

TOGETHER WITH all right, title and interest of the Grantors, if any, in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to, appurtenant to or in any way benefiting the above described property.

IT BEING a part of the same property conveyed to Mary Kathleen Duncan, Roger Charles Pence and Gerald Cline Kidd, Trustees of Kempsville Presbyterian Church by: 1) Deed dated December 15, 2009 from Sandler at Brown Farm II, LLC, recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460810; and 2) Deed dated December 18, 2009 from Sandler at Brown Farm II, LLC recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460820.

PARCEL SIX (GPIN: 1484-71-2633):

All OF THAT certain tract of land with the improvements thereon, situated in the City of Virginia Beach, Virginia, as shown on a plat of the property made for A. C. Dyer and recorded with his deed from Laura S. Whitehurst and others, in Map Book 5, page 149 and in Map

5

Book 9 at page 59, in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, being more particularly as follows:

Commencing at a pipe on the northern right-of-way line of North Landing Road at its intersection with the common line between Parcel A as shown on the Reynolds subdivision (MB 129, Pg 17) and Parcel 1 of the Edmondson Farm, said pipe being the point of commencement; thence along said common lot line N 17° 09' 49" E 1,514.12 feet to a pipe; said pipe being the point of beginning; thence departing said common line N 72° 13' 13" W 425.56 feet to a pipe; then N 02° 50' 19" E 2,952,83 feet to a pipe; thence N 30° 13' 27" E 563.69 feet to a pipe on the northern boundary of Parcel 2; thence S 80° 18' 30" E 426.96 feet to a pipe; thence N 77° 41' 40" E 158.58 feet to a point on the common line between Parcel 1 and Parcel 2; thence along said common line the following 7 courses; S 02° 15' 03" W 1,018.00 feet; S 18° 14' 57" E 880.30 feet; S18° 45' 03" W 739.50 feet; S 38° 30' 03" W 393.00 feet; S 14° 00' 03" W 115.00 feet; S 40° 00' 03" W 388.00 feet; S 16° 31' 44" 269.41 feet to the point of beginning. Said parcel containing 2,993,019 square feet or 68.710 acres.

TOGETHER WITH all right, title and interest of the Grantors, if any, in and to any and all easements, rights of way, private roads and other rights of access, ingress and/or egress adjacent to, appurtenant to or in any way benefiting the above described property.

IT BEING a part of the same property conveyed to Mary Kathleen Duncan, Roger Charles Pence and Gerald Cline Kidd, Trustees of Kempsville Presbyterian Church by: 1) Deed dated December 15, 2009 from Sandler at Brown Farm II, LLC, recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460810; and 2) Deed dated December 18, 2009 from Sandler at Brown Farm II, LLC recorded in the aforesaid Clerk's Office on December 28, 2009 as Instrument No. 20091228001460820.

Parcels One through Four being further described as all those certain lots, pieces or parcels of land, together with all appurtenances and improvements thereon, belonging, situate, lying and being in the City of Virginia Beach, Virginia, described and identified on that certain "ALTA/ASCM Land Title Survey of Property of Sandler at Brown Farm, L.L.C. Virginia Beach, Virginia," dated December 9, 2009, prepared by MSA, P.C. as (Title Report Parcel #1), (Title Report Parcel #2), (Title Report Parcel #3) and (Title Report Parcel #4),

6

which survey is recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia as an attachment to the Quitclaim Deed dated December 18, 2009, as Instrument Number 20091228001460820.

Parcels Five and Six being further described as all those certain lots, pieces or parcels of land, together with all appurtenances and improvements thereon, belonging, situate, lying and being in the City of Virginia Beach, Virginia, described and identified on that certain "ALTA/ASCM Land Title Survey of Property of Sandler at Brown Farm, L.L.C. Virginia Beach, Virginia," dated December 9, 2009, prepared by MSA, P.C. as (Title Report Parcel #6) and (Title Report Parcel #7), which survey is recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia as an attachment to the Quitclaim Deed dated December 18, 2009, as Instrument Number 20091228001460820.

This conveyance is made subject to the covenants, conditions, restrictions and easements of record, insofar as they may lawfully affect the aforesaid property.

By execution of this instrument, the Grantors acknowledge that the plans for the Oceana and Interfacility Traffic Area Conformity & Acquisition Program, CIP 9-060.002 (the "Project") as they affect the property have been fully explained to the Grantors.

It is understood and agreed that the consideration hereinabove mentioned and paid to the Grantors constitutes payment in full for the property and interests hereby conveyed and for damages, if any, resulting from the Project and use made of the property and interests conveyed herein.

WITNESS the following signatures and seals:

KEMPSVILLE PRESBYTERIAN CHURCH

By _____
Larri Pat Donaldson, Trustee

By _____
Robert J. O'Brien, Trustee

By _____
Roger Charles Pence, Trustee

```
APPROVED AS TO FORM AND ACCEPTED
ON BEHALF OF THE CITY OF VIRGINIA
BEACH
_____
            CITY ATTORNEY
```

STATE OF _VIRGINIA_
CITY/~~COUNTY~~ OF _CHESAPEAKE_ , to-wit:


The foregoing instrument was acknowledged and sworn before me this

_16_ day of August, 2011 by Larri Pat Donaldson, Trustee of Kempsville Presbyterian

Church.

_____
Notary Public

My commission expires: _February 28, 2012_
Registration Number: _229904_

STATE OF _VIRGINIA_
CITY/~~COUNTY~~ OF _CHESAPEAKE_ , to-wit:

STEPHANIE CYMBALISTY
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES FEB. 28, 2012
Registration No. 229904

The foregoing instrument was acknowledged and sworn before me this

16 day of August, 2011 by Robert J. O'Brien, Trustee of Kempsville Presbyterian Church.

_Stephanie Cymbalisty_
Notary Public

My commission expires: _February 28, 2012_
Registration Number: _229904_

STATE OF _VIRGINIA_
CITY/COUNTY OF _CHESAPEAKE_, to-wit:

STEPHANIE CYMBALISTY
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES FEB. 28, 2012
Registration No. 229904

The foregoing instrument was acknowledged and sworn before me this

16 day of August, 2011 by Roger Charles Pence, Trustee of Kempsville Presbyterian Church.

_Stephanie Cymbalisty_
Notary Public

My commission expires: _February 28, 2012_
Registration Number: _229904_

\\vbgov.com\dfs1\applications\citylawprod\cycom32\wpdocs\d029\p010\00031366.doc

STEPHANIE CYMBALISTY
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES FEB. 28, 2012
Registration No. 229904

Reimbursement Agreement and Memorandum of Lien
dated November 15, 2011, and recorded January 18, 2012
Instrument No. 201200005685

**Exhibit F**

THIS INSTRUMENT PREPARED BY VIRGINIA
BEACH CITY ATTORNEY'S OFFICE
EXEMPTED FROM RECORDATION TAXES
UNDER SECTIONS 58.1-811(B)(4)

20120118000056850   1/8
City of Virginia Beach
01/18/2012
10:31:50 AM AGMT
Tina E. Sinnen, Clerk

# REIMBURSEMENT AGREEMENT
# AND
# MEMORANDUM OF LIEN

THIS REIMBURSEMENT AGREEMENT AND MEMORANDUM OF LIEN, is made this 15th day of November, 2011, by and between the CITY OF VIRGINIA BEACH (the "City"), grantor for indexing purposes, and the COMMONWEALTH OF VIRGINIA (the "Commonwealth"), grantee for indexing purposes.

WHEREAS, the City adopted a program (the "Program") to acquire nonconforming properties and interests in real property in Accident Potential Zone-1 ("APZ-1") and the Clear Zone surrounding NAS Oceana in response to the Base Realignment and Closure Commission ("BRAC") Order of August 2005;

WHEREAS, the Commonwealth has awarded a grant to the City supporting activities related to the BRAC Order response efforts (the "Grant");

WHEREAS, funding for the Program will come from both the Grant and from City appropriations, pursuant to the Military Strategic Response Fund Agreement entered into between the City and the Commonwealth (the "Agreement");

WHEREAS, the terms of the Agreement provide that for any real property interest acquired by the City pursuant to the Program, such property shall be subject to a lien recorded on behalf of the Commonwealth in the amount of fifty percent (50%) of the sales price upon disposition of the interest or fifty percent (50%) of the price initially paid to

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

1

acquire the interest in the property, whichever is less;

WHEREAS, pursuant to the Program, the City acquired the property (the "Property") described on Exhibit A, attached hereto and made a part hereof, by deed dated August 16, 2011, and recorded in the Clerk's Office for the Circuit Court of Virginia Beach as Instrument Number 20110823000866970;

WHEREAS, the purchase price of the Property was $7,840,240.00 (the "Purchase Price");

WHEREAS, the City has been reimbursed by the Commonwealth for fifty percent (50%) of the Purchase Price of the Property;

WHEREAS, the Commonwealth is entitled to a lien on the Property pursuant to the Agreement;

NOW, THEREFORE, the City does hereby agree that upon the conveyance or disposition of the Property, it shall pay to the Commonwealth an amount equal to either fifty percent (50%) of the sales price upon conveyance or disposition of the Property or fifty percent (50%) of the Purchase Price, whichever is less (the "Reimbursement Amount").

FUTHERMORE, the City does hereby acknowledge, grant and convey to the Commonwealth of Virginia, pursuant to the terms of this instrument and the Agreement, a lien on the Property, including all improvements thereon and hereafter existing, as security for the payment of the Reimbursement Amount, which lien shall be capped at fifty percent (50%) of the Purchase Price.

FURTHERMORE, the City does hereby acknowledge on behalf of itself and all successors in interest to the Property that should the City fail to pay the Reimbursement Amount to the Commonwealth upon disposition of the Property, that the lien created and

perfected by this instrument may be judicially enforced by a bill filed in the City of Virginia Beach. In any action brought pursuant to this provision, if the court finds that the Reimbursement Amount is due and has not been fully paid, the court shall order the Property sold at a public sale, specify the reasonable notice and procedural requirements for the sale, and order the sale proceeds be paid to the Commonwealth in satisfaction of the lien. To the extent the sale proceeds do not fully satisfy the lien, the City shall remain liable to the Commonwealth for the balance and the Commonwealth may seek to collect the balance from the City by any legal means.

WITNESS the following signatures and seals:

(SEAL)
ATTEST:

_____
Ruth Hodges Fraser, City Clerk

CITY OF VIRGINIA BEACH

By: _____
its: City Manager/Authorized
Designee of the City Manager

STATE OF VIRGINIA
CITY OF VIRGINIA BEACH, to-wit:

The foregoing instrument was acknowledged before me this _____ day of _____, 20___, by _____, City Manager/Authorized Designee of the City Manager, on behalf of the City of Virginia Beach.

_____
Notary Public

My commission expires: _____
Commission number:_____

STATE OF VIRGINIA
CITY OF VIRGINIA BEACH, to-wit:

The foregoing instrument was acknowledged before me this _____ day of _____, 20___ by RUTH HODGES FRASER, City Clerk, on behalf of the City of Virginia Beach.

_____
Notary Public

My commission expires: _____
Commission number:_____

3



| APPROVED AS TO LEGAL SUFFICIENCY |
| --- |
| Department of Law |

| APPROVED AS TO CONTENT |
| --- |
| James C. Crawson |
| Department of PW/Real Estate |

COMMONWEALTH OF VIRGINIA

By: _____
its: Dep Chief of Staff

STATE OF VIRGINIA
CITY OF RICHMOND, to-wit:

The foregoing instrument was acknowledged before me this 20th day of December, 20 11, by Matthew A. Conrad, Dep Chief of Staff, on behalf of the Commonwealth of Virginia.

_____
Notary Public

My Commission expires: 8-31-2015
Commission number: 7137238



EXHIBIT A

<u>PARCEL ONE (GPIN 1494-02-1476):</u>

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situate, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-1 123.742 Acres", on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-1 is also a part of the 193.599 Acre parcel shown on the Survey of Property for William E. Wood and Associates recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

<u>PARCEL TWO (GPIN: 1494-03-5237):</u>

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situate, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-3 42.857 Acres" on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-3 is also a part of the 193.599 Acre parcel shown on the Survey of Property of William E. Wood and Associates, recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

<u>PARCEL THREE (GPIN: 1494-13-7202):</u>

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situates, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-2 27.000 Acres" on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-2 is also a part of the 193.599 Acre parcel shown on the Survey of Property for William E. Wood and Associates, recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

<u>PARCEL FOUR (GPIN: 1484-81-7296):</u>

The remaining portion (197± Acres) of that certain lot, or piece or parcel of land, lying situate and being in the City of Virginia

Beach, Virginia, and being known, numbered and designated as "PARCEL A, 209.601 ACRES (EXCLUDED LOTS)", as shown on the plat entitled "SUBDIVISION OF PROPERTY FOR VALENTINE E. MILLER AND SYLVIA B. MILLER, PRINCESS ANNE BOROUGH-VIRGINIA BEACH, VIRGINIA", dated January 1982, which plat was made by Basgier and Associates and recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 171, at pages 20 and 21.

LESS, SAVE AND EXCEPT FROM PARCELS ONE THROUGH FOUR:

1.  That certain parcel designated as Parcel A-2, containing 3± Acres (GPIN 1483-98-7642), as shown on that certain plat entitled "Subdivision of Property Parcel A-2 A.C. Brown Family Farm, LP," recorded in Map Book 210, at page 79, conveyed to Alex Brown and Virginia S. Brown, husband and wife, by deed dated May 2, 1991, and recorded in the aforesaid Clerk's Office in Deed Book 2998, at page 258.

2.  That certain parcel designated as A-1, containing 3± Acres (GPIN 1483-99-5578), as shown on that certain plat entitled "Subdivision of Property Parcel A-1 A.C. Brown Family Farm, LP," recorded in Map Book 197, at page 43, conveyed to Alexis B. Wade by deed dated May 2, 1991, and recorded in the aforesaid Clerk's Office in Deed Book 3001, at page 97; and

3.  That certain parcel designated as Parcel A-3, containing 4.5± Acres (GPIN 1483-99-6027), as shown on that certain plat entitled, "Subdivision of Remainder of Parcel A (206.6 Ac.) for A.C. Brown Family Farm, LP and A.C. Brown Partnership," recorded in Map Book 216, at page 100, conveyed to Curtis B. Wolfarth by deed dated January 1, 1992, and recorded in the aforesaid Clerk's Office in Deed Book 3078, at page 2079.

PARCEL FIVE (GPIN: 1484-71-9043):

All OF THAT certain tract, piece and parcel of land, with the buildings and improvements thereon, situate, lying and being in the City of Virginia Beach, Virginia, described with reference to a certain plat and survey thereof made by David G. Holland, Surveyor, August 18, 1931, marked "Map of E.S. and T.R. Edmondson Property", recorded in Map Book 9, at page 59, in

the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, and by which plat the said property is described more particularly as follows:

Beginning at a pipe on the northern right-of-way line of North Landing Road at its intersection with the common line between Parcel A as shown on the Reynolds subdivision (MB 129, Pg 17) and Parcel 1 of the Edmondson Farm, said pipe being the point of beginning; thence along said common lot line N 17° 09' 49" E 1,514.12 feet to a pipe; thence along the common lot line between Parcel 1 and Parcel 2 of the Edmondson Farm the following 7 courses; N 16° 31'44" E 269.41 feet; N 40° 00' 03" E 388.00 feet; N 14° 00' 03" E 115.00 feet; N 38° 30'03" E 393.00 feet; N 18° 45'03" E 739.50 feet; N 18° 14' 57" W 880.30 feet; N 02° 15' 03" E 1,018.00 feet to a point on the northern boundary of Parcel 1; thence N 77° 41' 40" E 200.00 feet to an axle on the common line between Parcel 1 and the Brown Farm; thence along said common line S 12° 09' 00" E 1,891.72 feet to a pin; thence S 11° 56'48" W 3,122.84 feet to a pin; thence departing the common line of the Brown Farm; N 57° 51' 05" W 306.31 feet to a point; thence S 16° 47'55" W 1,237.27 feet to a point on the northern right-of way line of North Landing Road; thence along said right-of-way S 11° 02' 45" W 27.88 feet to a pipe; thence continuing along said right-of-way S 79° 55' 28" W 107.50 feet to a point; thence continuing along said right-of-way S 80° 32' 51" W 492.20 feet to the point of beginning. Said parcel containing 2,457.564 square feet, or 56.418 acres.

## PARCEL SIX (GPIN: 1484-71-2633):

All OF THAT certain tract of land with the improvements thereon, situated in the City of Virginia Beach, Virginia, as shown on a plat of the property made for A. C. Dyer and recorded with his deed from Laura S. Whitehurst and others, in Map Book 5, page 149 and in Map Book 9 at page 59, in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, being more particularly as follows:

Commencing at a pipe on the northern right-of-way line of North Landing Road at its intersection with the common line between Parcel A as shown on the Reynolds subdivision (MB 129, Pg 17) and Parcel 1 of the Edmondson Farm, said pipe being the point of commencement; thence along said common lot line N 17° 09' 49" E 1,514.12 feet to a pipe; said pipe being the point of beginning; thence departing said common line N

72° 13' 13" W 425.56 feet to a pipe; then N 02° 50' 19" E 2,952,83 feet to a pipe; thence N 30° 13' 27" E 563.69 feet to a pipe on the northern boundary of Parcel 2; thence S 80° 18' 30" E 426.96 feet to a pipe; thence N 77° 41' 40" E 158.58 feet to a point on the common line between Parcel 1 and Parcel 2; thence along said common line the following 7 courses; S 02° 15' 03" W 1,018.00 feet; S 18° 14' 57" E 880.30 feet; S18° 45' 03" W 739.50 feet; S 38° 30' 03" W 393.00 feet; S 14° 00' 03" W 115.00 feet; S 40° 00' 03" W 388.00 feet; S 16° 31' 44" 269.41 feet to the point of beginning. Said parcel containing 2,993,019 square feet or 68.710 acres.

Parcels One through Four being further described as all those certain lots, pieces or parcels of land, together with all appurtenances and improvements thereon, belonging, situate, lying and being in the City of Virginia Beach, Virginia, described and identified on that certain "ALTA/ASCM Land Title Survey of Property of Sandler at Brown Farm, L.L.C. Virginia Beach, Virginia," dated December 9, 2009, prepared by MSA, P.C. as (Title Report Parcel #1), (Title Report Parcel #2), (Title Report Parcel #3) and (Title Report Parcel #4), which survey is recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia as an attachment to the Quitclaim Deed dated December 18, 2009, as Instrument Number 20091228001460820.

Parcels Five and Six being further described as all those certain lots, pieces or parcels of land, together with all appurtenances and improvements thereon, belonging, situate, lying and being in the City of Virginia Beach, Virginia, described and identified on that certain "ALTA/ASCM Land Title Survey of Property of Sandler at Brown Farm, L.L.C. Virginia Beach, Virginia," dated December 9, 2009, prepared by MSA, P.C. as (Title Report Parcel #6) and (Title Report Parcel #7), which survey is recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia as an attachment to the Quitclaim Deed dated December 18, 2009, as Instrument Number 20091228001460820.

IT BEING the same properties conveyed to the City of Virginia Beach by deed from Larri Pat Donaldson, Robert J. O'Brien and Roger Charles Pence, Trustees of Kempsville Presbyterian Church by deed dated August 16, 2011 and recorded in the aforesaid Clerk's Office as Instrument Number 20110823000866970.

Perpetual restrictive easement over 516.16 acres
dated September 13, 2012, and recorded September 21, 2012
Instrument Nos. 201200109100

**Exhibit G**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
20120921001091000  1/15
City of Virginia Beach
09/21/2012
08:11:44 AM ESMT
Tina E. Sinnen, Clerk

EI-11534

*Prepared by:*
United States of America
Commanding Officer (Attn: Code OPHRRES)
Naval Facilities Engineering Command Mid Atlantic
9742 Maryland Avenue,
Norfolk, VA 23511-3095

All correspondence pertaining to
this Easement should reference
No. N40085-12-RP-00041 (KPC)

EXEMPTED FROM RECORDATION TAXES
UNDER SECTIONS 58.1-811(A)(3)
AND 58.1-811(C)(4)

## GRANT OF EASEMENT

THIS EASEMENT, made this __13__ day of __September__, 2012 by and
between the CITY OF VIRGINIA BEACH, a municipal corporation of the Commonwealth of
Virginia, hereinafter called the GRANTOR, and the UNITED STATES OF AMERICA,
hereinafter called the GOVERNMENT ("the GRANTEE");

### WITNESSETH:

WHEREAS, the GRANTOR is the sole owner in fee simple of certain property
("Property"), hereinafter described as a tract of land containing 516.16 acres, more or less,
located in the City of Virginia Beach, State of Virginia and situated near Naval Air Station,
Oceana, Virginia Beach, Virginia and Naval Auxiliary Landing Field, Fentress, Chesapeake,
Virginia, hereinafter called the INSTALLATIONS;

WHEREAS, it is in the public interest to limit development or use of the Property in the
vicinity of the INSTALLATIONS that would be incompatible with its mission and/or might
interfere, whether directly or indirectly, with current or anticipated military training, testing or
operations on such INSTALLATIONS; and

WHEREAS, the GRANTOR and GOVERNMENT have entered into a Multi-Year
Agreement pursuant to 10 U.S.C. 2684a to acquire property interests that would be incompatible
with the mission of the INSTALLATIONS and otherwise meet the mutual objectives of the
GRANTOR and GOVERNMENT.

NOW THEREFORE, in consideration of the sum of Three Million Seven Hundred Sixty
Thousand and 00/100 dollars ($3,760,000.00), the receipt and sufficiency of which are hereby
acknowledged, the GRANTOR does hereby grant and convey to the GOVERNMENT, a
perpetual easement appurtenant to restrict the use and development of said Property that would
encumber, impede, limit or otherwise be incompatible, as defined herein, with the mission of the
INSTALLATIONS, and to provide for ingress and egress for the purpose of monitoring
compliance with the easement, on, over and across said Property more particularly described as:

RECEIVED

1

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

Easement on, over and across:

PARCEL ONE (GPIN 1494-02-1476):

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situate, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-1 123.742 Acres", on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-1 is also a part of the 193.599 Acre parcel shown on the Survey of Property for William E. Wood and Associates recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

PARCEL TWO (GPIN: 1494-03-5237):

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situate, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-3 42.857 Acres" on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-3 is also a part of the 193.599 Acre parcel shown on the Survey of Property of William E. Wood and Associates, recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

PARCEL THREE (GPIN: 1494-13-7202):

ALL THAT CERTAIN piece or parcel of land, with the appurtenances thereunto belonging, situates, lying and being in the City of Virginia Beach, Virginia, being known and designated as "Parcel A-2 27.000 Acres" on a Release Plat of Property of William E. Wood and Associates, recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, in Map Book 153, at Page 18. Said Parcel A-2 is also a part of the 193.599 Acre parcel shown on the Survey of Property for William E. Wood and Associates, recorded in the aforesaid Clerk's Office in Map Book 125, at Page 32.

PARCEL FOUR (GPIN: 1484-81-7296):

2

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

The remaining portion (197± Acres) of that certain lot, or piece or parcel of land, lying situate and being in the City of Virginia Beach, Virginia, and being known, numbered and designated as "PARCEL A, 209.601 ACRES (EXCLUDED LOTS)", as shown on the plat entitled "SUBDIVISION OF PROPERTY FOR VALENTINE E. MILLER AND SYLVIA B. MILLER, PRINCESS ANNE BOROUGH-VIRGINIA BEACH, VIRGINIA", dated January 1982, which plat was made by Basgier and Associates and recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 171, at pages 20 and 21.

LESS, SAVE AND EXCEPT FROM PARCELS ONE THROUGH FOUR:

1.     That certain parcel designated as Parcel A-2, containing 3± Acres (GPIN 1483-98-7642), as shown on that certain plat entitled "Subdivision of Property Parcel A-2 A.C. Brown Family Farm, LP," recorded in Map Book 210, at page 79, conveyed to Alex Brown and Virginia S. Brown, husband and wife, by deed dated May 2, 1991, and recorded in the aforesaid Clerk's Office in Deed Book 2998, at page 258.

2.     That certain parcel designated as A-1, containing 3± Acres (GPIN 1483-99-5578), as shown on that certain plat entitled "Subdivision of Property Parcel A-1 A.C. Brown Family Farm, LP," recorded in Map Book 197, at page 43, conveyed to Alexis B. Wade by deed dated May 2, 1991, and recorded in the aforesaid Clerk's Office in Deed Book 3001, at page 97; and

3.     That certain parcel designated as Parcel A-3, containing 4.5± Acres (GPIN 1483-99-6027), as shown on that certain plat entitled, "Subdivision of Remainder of Parcel A (206.6 Ac.) for A.C. Brown Family Farm, LP and A.C. Brown Partnership," recorded in Map Book 216, at page 100, conveyed to Curtis B. Wolfarth by deed dated January 1, 1992, and recorded in the aforesaid Clerk's Office in Deed Book 3078, at page 2079.

PARCEL FIVE (GPIN: 1484-71-9043):

3

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

All OF THAT certain tract, piece and parcel of land, with the buildings and improvements thereon, situate, lying and being in the City of Virginia Beach, Virginia, described with reference to a certain plat and survey thereof made by David G. Holland, Surveyor, August 18, 1931, marked "Map of E.S. and T.R. Edmondson Property", recorded in Map Book 9, at page 59, in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, and by which plat the said property is described more particularly as follows:

Beginning at a pipe on the northern right-of–way line of North Landing Road at its intersection with the common line between Parcel A as shown on the Reynolds subdivision (MB 129, Pg 17) and Parcel 1 of the Edmondson Farm, said pipe being the point of beginning; thence along said common lot line N 17° 09' 49" E 1,514.12 feet to a pipe; thence along the common lot line between Parcel 1 and Parcel 2 of the Edmondson Farm the following 7 courses; N 16° 31'44" E 269.41 feet; N 40° 00' 03" E 388.00 feet; N 14° 00' 03" E 115.00 feet; N 38° 30'03" E 393.00 feet; N 18° 45'03" E 739.50 feet; N 18° 14' 57" W 880.30 feet; N 02° 15' 03" E 1,018.00 feet to a point on the northern boundary of Parcel 1; thence N 77° 41' 40" E 200.00 feet to an axle on the common line between Parcel 1 and the Brown Farm; thence along said common line S 12° 09' 00" E 1,891.72 feet to a pin; thence S 11° 56'48" W 3,122.84 feet to a pin; thence departing the common line of the Brown Farm; N 57° 51' 05" W 306.31 feet to a point; thence S 16° 47'55" W 1,237.27 feet to a point on the northern right-of way line of North Landing Road; thence along said right-of-way S 11° 02' 45" W 27.88 feet to a pipe; thence continuing along said right-of-way S 79° 55' 28" W 107.50 feet to a point; thence continuing along said right-of-way S 80° 32' 51" W 492.20 feet to the point of beginning. Said parcel containing 2,457.564 square feet, or 56.418 acres.

## PARCEL SIX (GPIN: 1484-71-2633):

All OF THAT certain tract of land with the improvements thereon, situated in the City of Virginia Beach, Virginia, as shown on a plat of the property made for A. C. Dyer and recorded with his deed from Laura S. Whitehurst and others, in Map Book 5, page 149 and in Map Book 9 at page 59, in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, being more particularly as follows:

Commencing at a pipe on the northern right-of–way line of North Landing Road at its intersection with the common line between Parcel A

4

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

as shown on the Reynolds subdivision (MB 129, Pg 17) and Parcel 1 of the Edmondson Farm, said pipe being the point of commencement; thence along said common lot line N 17° 09' 49" E 1,514.12 feet to a pipe; said pipe being the point of beginning; thence departing said common line N 72° 13' 13" W 425.56 feet to a pipe; then N 02° 50' 19" E 2,952,83 feet to a pipe; thence N 30° 13' 27" E 563.69 feet to a pipe on the northern boundary of Parcel 2; thence S 80° 18' 30" E 426.96 feet to a pipe; thence N 77° 41' 40" E 158.58 feet to a point on the common line between Parcel 1 and Parcel 2; thence along said common line the following 7 courses; S 02° 15' 03" W 1,018.00 feet; S 18° 14' 57" E 880.30 feet; S18° 45' 03" W 739.50 feet; S 38° 30' 03" W 393.00 feet; S 14° 00' 03" W 115.00 feet; S 40° 00' 03" W 388.00 feet; S 16° 31' 44" 269.41 feet to the point of beginning. Said parcel containing 2,993,019 square feet or 68.710 acres.

Parcels Five and Six being further described as all those certain lots, pieces or parcels of land, together with all appurtenances and improvements thereon, belonging, situate, lying and being in the City of Virginia Beach, Virginia, described and identified on that certain "ALTA/ASCM Land Title Survey of Property of Sandler at Brown Farm, L.L.C. Virginia Beach, Virginia," dated December 9, 2009, prepared by MSA, P.C. as (Title Report Parcel #6) and (Title Report Parcel #7), which survey is recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia as an attachment to the Quitclaim Deed dated December 18, 2009, as Instrument Number 20091228001460820.

LESS AND EXCEPT from Parcels One through Six all right, title and interest of the Grantor in and to any public road, public rights-of-way, or public easements adjacent to the above-referenced properties.

IT BEING a portion of the same property conveyed to the City of Virginia Beach by Deed from Larri Pat Donaldson, Robert J. O'Brien and Roger Charles Pence, Turstees of the Kempsville Presbyterian Church, dated August 16, 2011 and recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia as Instrument Number 20110823000866970.

The Easement and rights for restrictions, ingress and egress are described as follows:

1. **Restricted Uses and Development Rights.** Any activity or use of the Property inconsistent with the purpose of this Easement is prohibited. Without limiting the generality of the foregoing, and except as specifically permitted, the following activities and uses are expressly prohibited:

5

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

a. All activities EXCEPT those listed as compatible (Y) in the City Zoning Ordinance (Appendix A to the Code of the City of Virginia Beach) (CZO), as enacted as of the date of the date of the Multi-Year Agreement, by and between the City and the Government, as executed on September 25, 2007, a copy of which is attached hereto as Exhibit A and incorporated herein by this reference, as follows:

  i.   For Property within the 65-70 db DNL and 70-75 dB DNL Noise Zone, those uses listed as compatible with the 70-75 dB DNL Noise Zone in Table 1 within CZO §1804, as enacted as of the date of the date of the Multi-Year Agreement, by and between the City and the Government, as executed on September 25, 2007.

  ii.  For Property within the >75 dB DNL Noise Zone, those uses listed as compatible with the >75 dB DNL Noise Zone in Table 1 within CZO §1804, as enacted as of the date of the date of the Multi-year agreement, by and between the City and the Government, as executed on September 25, 2007.

b. <u>Residential and Related Use.</u> The Property may not be used for residential use, including but not limited to nursing homes and temporary accommodations such as cabins, trailers, RVs, tents, etc.

c. <u>Height Restrictions.</u> No structure which on the basis of its height would constitute an obstruction to air navigation pursuant to Part 77 of the Federal Aviation Administration Regulations, 14 CFR.

d. <u>Lighting.</u> All lighting equipment, including but not limited to floodlights and searchlights, and all protective lighting, such as streetlights, shall have positive optical control that shines downward so that no direct light is emitted above the horizontal plane.

e. <u>Other Operational & Training Hazards.</u> No operations of any type are permitted that produce smoke, glare or other visual hazards, or encourage concentrations of birds, such as bird feeding stations, ponds, (except as otherwise allowed herein) and mature crops left un-harvested, that may be dangerous for aircraft operating from the INSTALLATIONS. Controlled burns for agricultural purposes, habitat improvement and mitigation of fire hazards must be agreed to in writing by all parties to this Easement prior to commencing said activities.

f. <u>Construction.</u> New construction of any structure or edifice, and any other additions to, or alterations of the Property are prohibited except for those improvements or alterations deemed to be reasonably necessary to the allowed uses of the Property defined within

6

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

this paragraph1, and to address any storm water management issues on or affecting the Property authorized pursuant to paragraph 2(c). GRANTOR shall provide GOVERNMENT written notice of GRANTOR's intention to undertake any such construction, together with information on its size, function, capacity and location, not less than ninety days (90) prior to the commencement thereto in accordance with paragraph 3 below.

All authorized uses shall be consistent with applicable environmental laws.

2. **Reserved Rights.** GRANTOR reserves to itself, its successors and assigns, all rights accruing from its ownership of the Property that are not expressly prohibited herein and are not inconsistent with the purposes of this Easement, including but not limited to:

   a. Controlling predatory and problem animals by the use of selective control techniques.

   b. Managing and harvesting of all forests on the Property consistent with Virginia State Forestry Department Guidelines, as they may be amended from time to time.

   c. Establishing retention or detention ponds or impoundments to ameliorate storm water runoff on or affecting the Property. GRANTOR, in consultation with and with prior approval of GOVERNMENT, will be permitted to create such storm water impoundments on the Property, provided they are not enhanced for the attraction of waterfowl. However, should the impoundments or other improvements made attract such a concentration of birds to the extent that they cause a training or operational hazard, the GRANTOR, upon the request of the GOVERNMENT, shall remove the improvements to the extent required to ameliorate the training or operational hazard created. Such removal work shall be at the sole cost of the GRANTOR.

3. **Notification Provisions.**

   a. Notice of Intent to Undertake New Uses and Construction. Whenever GRANTOR plans to undertake a new use or perform new construction on the Property, GRANTOR will notify the GOVERNMENT in writing by certified mail not less than ninety days (90) prior to the date that GRANTOR intends to undertake the activity in question. The notice shall describe the nature, scope, design, location, timetable, and any other material aspect of the proposed activity in sufficient detail to permit the GOVERNMENT to make an informed judgment as to its consistency with the purpose of this Easement. Failure of GRANTOR to give such notice shall be deemed a breach of the terms of this Agreement. Furthermore, should GRANTOR undertake to make any improvements to control stormwater runoff pursuant to paragraph 2(c) above, the provisions of this paragraph shall apply.

7

b. <u>GOVERNMENT 's Approval.</u> Within ninety (90) days of receipt of the request, the GOVERNMENT will grant or withhold its approval in writing. The GOVERNMENT 's approval may be withheld only upon a reasonable determination by the GOVERNMENT that the use or construction proposed would be inconsistent with the purpose of this Easement and the restrictions on the use of the Property included herein.

## 4. **Monitoring, Enforcement and Remedies.**

a. The GOVERNMENT may enter upon the Property on an annual basis in order to monitor GRANTOR's compliance with the terms of this Easement or at any time upon an event of noncompliance with the terms of this Easement to enforce the term of this Easement; provided that GOVERNMENT will provide at least ten (10) days notice of such entry to GRANTOR, except when there is a threat of imminent harm of personal injury or property damage. GOVERNMENT shall not unreasonably interfere with GRANTOR's use and quiet enjoyment of the Property.

b. In the event of breach by GRANTOR of any terms, conditions, or obligations created by this Easement, the GRANTOR shall be afforded ninety (90) days from the receipt of GOVERNMENT's notice of non-compliance to cure the subject breach, except where irreparable harm may result from any delay in curing a breach. The GOVERNMENT may grant a reasonable extension of time to complete the cure if it is determined by the GOVERNMENT to be necessary. In the event that the non-compliance is not cured within the ninety (90) day time frame, or extension of time if granted by the GOVERNMENT, the GOVERNMENT may:

i. take necessary actions to correct the non-compliance and upon request by GOVERNMENT, GRANTOR shall reimburse GRANTEE for its reasonable actual costs incurred to correct the non-compliance; and/or

ii. institute mediation or other alternative dispute resolution strategy that is agreed to by the parties; or

iii. institute suits to enjoin any breach or enforce any term by injunction.

The GOVERNMENT's remedies shall be cumulative and shall be in addition to any other rights and remedies available to the GOVERNMENT at law or equity. Enforcement of the terms of this Easement shall be at the discretion of the GOVERNMENT. No failure on the part of the GOVERNMENT to enforce any term hereof shall discharge or invalidate such term or any other term hereof or affect the right of the GOVERNMENT to enforce the same in the event of a subsequent breach or default.

8

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

**5. Costs and Liabilities.** GRANTOR retains all responsibilities and shall bear all costs and liabilities of any kind related to the ownership and maintenance of the Property.

**6. Subsequent Transfers.** GRANTOR agrees to incorporate the terms of this Easement in any deed or other legal instrument by which it divests itself of any interest in the Property, including a leasehold interest. GRANTOR further agrees to give written notice to the GOVERNMENT of the conveyance at least 30 days prior to the date of conveyance.

**7. Notices.** Notice shall be considered as provided upon delivery to the respective owners of record for interests in property, unless otherwise agreed to in writing. Any notice, approval or

9

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

communication that the GRANTOR is required to give to the GOVERNMENT in writing may be served personally or mailed to:

**To GRANTOR:**

City Manager's Office
City of Virginia Beach
2401 Courthouse Drive, Building 1
Virginia Beach, VA 23456

With copy to:

City Attorney's Office
City of Virginia Beach
2401 Courthouse Drive, Building 1
Virginia Beach, VA 23456

**To GOVERNMENT:**

Commanding Officer
Naval Air Station, Oceana
1750 Tomcat Boulevard
Virginia Beach, Virginia 23460

With copy to:

Commanding Officer (ATTN: OPHRRES)
Naval Facilities Engineering Command, Mid-Atlantic
9742 Maryland Avenue
Norfolk, Virginia 23511-3095

The GRANTOR is responsible for ensuring that the GOVERNMENT's address is current at the time of any notification. The GOVERNMENT is responsible for ensuring that the GRANTOR's address is current at the time of any notification.

The GRANTOR covenants with the GOVERNMENT that it is seized of said Property in fee simple; that GRANTOR has the right to convey, and voluntarily conveys for the agreed upon price, this Easement with the additional authority for the GOVERNMENT to control and restrict the use and development of GRANTOR's Property as provided in this Easement; that GRANTOR has done nothing to impair such title as GRANTOR received; and the GRANTOR will warrant and defend the title against the lawful claims of all persons claiming by, under or through GRANTOR.

10

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

IN WITNESS WHEREOF, the GRANTOR has caused this GRANT OF EASEMENT to be executed as of the day and year first written.

UNITED STATES OF AMERICA
DEPARTMENT OF THE NAVY

By: *Patricia M. Hankins*
_____
Patricia M. Hankins
Real Estate Contracting Officer
By direction, Naval Facilities
Engineering Command, Mid-Atlantic
9742 Maryland Avenue
Norfolk, Virginia 23511-2699

State of Virginia )
)
City of Virginia Beach )

I, Kimberley A Szaronis , a Notary Public for the State at Large,
hereby certify that Patricia H. Hankins, whose name as such is signed to the foregoing Easement
has this day acknowledged the same before me in the City
and State aforesaid.

Given under my hand this 20 day of September, 2012.

_____
Notary Public

My Commission expires: 11-30-13
Registration number: 212207

11

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

EI-11534

APPROVED AS TO CONTENT

_____
Planning Department

APPROVED AS TO CONTENT


_____
Public Works/Real Estate Department


APPROVED AS TO
LEGAL SUFFICIENCY

_____
City Attorney's Office

CITY OF VIRGINIA BEACH

By: _____

Attest:

By: _____


State of Virginia          )
                           )
City of                    )


I, *Pamela A. Matthias*          , a Notary Public for the State at Large,
hereby certify that *Robert S. Herbert*          . whose name as such is signed
to the foregoing Easement has this day acknowledged the same before me in the City
and State aforesaid.

Given under my hand this *17* day of *September*, 2012.

_____
Notary Public

My Commission expires: *11/30/15*
Registration number: *7093939*

12

GPINs: 1494-02-1476, 1494-03-5237, 1494-13-7202, 1484-81-7296, 1484-71-9043 and 1484-71-2633

## EXHIBIT A TO GRANT OF EASEMENT

| TABLE 1 - AIR INSTALLATIONS COMPATIBLE USE ZONES LAND USE COMPATIBILITY IN NOISE ZONES | | |
|---|---|---|
| Land Use | Land Use Compatibility | |
| Land Use Name | 70-75 dB DNL | >75 dB DNL |
| *Residential and Related* | | |
| Single-family dwellings | N | N |
| Semidetached dwellings | N | N |
| Attached dwellings/townhouses | N | N |
| Duplexes | N | N |
| Multiple-family dwellings | N | N |
| Dormitories and other group quarters | N | N |
| Mobile home parks | N | N |
| Hotels and motels | N | N |
| Other residential uses | N | N |
| *Manufacturing* | | |
| Food & kindred products; manufacturing | Y | Y |
| Textile mill products; manufacturing | Y | Y |
| Apparel and other finished products; products made from fabrics, leather and similar materials; manufacturing | Y | Y |
| Lumber and wood products (except furniture); manufacturing | Y | Y |
| Furniture and fixtures; manufacturing | Y | Y |
| Paper and allied products; manufacturing | Y | Y |
| Printing, publishing, and allied industries | Y | Y |
| Chemicals and allied products; manufacturing | Y | Y |
| Petroleum refining and related industries | Y | Y |
| Rubber and misc. plastic products; manufacturing | Y | Y |
| Stone, clay and glass products; manufacturing | Y | Y |
| Primary metal products; manufacturing | Y | Y |
| Fabricated metal products; manufacturing | Y | Y |
| Professional scientific, and controlling instruments; photographic and optical goods; watches and clocks | Y | Y |

| | | |
|---|---|---|
| Miscellaneous manufacturing | Y | Y |
| *Transportation, communication and utilities* | | |
| Railroad, rapid rail transit, and street railway transportation | Y | Y |
| Motor vehicle transportation | Y | Y |
| Aircraft transportation | Y | Y |
| Marine craft transportation | Y | Y |
| Highway and street right-of-way | Y | Y |
| Automobile parking | Y | Y |
| Communication | Y | Y |
| Utilities | Y | Y |
| Other transportation, communication and utilities | Y | Y |
| *Trade* | | |
| Wholesale trade | Y | Y |
| Retail trade - building materials, hardware and farm equipment | Y | Y |
| Retail trade - general merchandise | Y | Y |
| Retail trade - food | Y | Y |
| Retail trade - automotive, marine craft, aircraft and accessories | Y | Y |
| Retail trade - apparel and accessories | Y | Y |
| *Services* | | |
| Retail trade - furniture, home, furnishings and equipment | Y | Y |
| Retail trade - eating and drinking establishments | Y | Y |
| Other retail trade | Y | Y |
| Finance, insurance and real estate services | Y | Y |
| Personal services | Y | Y |
| Cemeteries | Y | Y |
| Business services | Y | Y |
| Warehousing and storage | Y | Y |
| Repair services | Y | Y |
| Professional services | Y | Y |
| Hospitals, other medical facilities | Y | N |
| Nursing homes | N | N |

| | | |
|---|---|---|
| Contract construction services | Y | Y |
| Government services | Y | Y |
| Educational services | Y | N |
| Miscellaneous | Y | Y |
| *Cultural, entertainment and recreational* | | |
| Cultural activities (& churches) | Y | N |
| Nature exhibits | N | N |
| Public assembly halls | N | N |
| Auditoriums, concert halls | Y | N |
| Outdoor music shells, amphitheaters | N | N |
| Outdoor sports arenas, spectator sports | Y | N |
| Other outdoor recreational facilities | Y | Y |
| Indoor recreational facilities | Y | Y |
| Campgrounds | Y | N |
| Parks | Y | N |
| Other cultural, entertainment and recreation | Y | N |
| *Resource Production and Extraction* | | |
| Agriculture (except live stock) | Y | Y |
| Livestock farming | Y | N |
| Animal breeding | Y | N |
| Agriculture related activities | Y | Y |
| Forestry activities | Y | Y |
| Fishing activities | Y | Y |
| Mining activities | Y | Y |
| Other resource production or extraction | Y | Y |

City Council Agenda – August 11, 2026

**Exhibit H**

# City of Virginia Beach

## "COMMUNITY FOR A LIFETIME"



## City Council Agenda
## August 11, 2026
Mayor Robert M. "Bobby" Dyer
Presiding

**I. CITY COUNCIL'S BRIEFING**      **-CITY COUNCIL CONFERENCE ROOM-**

    A.    COUNCIL CHAMBER VOTING SOFTWARE UPDATE      **3:00 P.M.**
          Tia Harrington, Solutions Manager - Information Technology

**II. CITY MANAGER'S BRIEFING**

    A.    PENDING PLANNING ITEMS      **3:30 P.M.**
          Kaitlen Alcock, Planning Administrator

**III. CITY COUNCIL LIAISON REPORTS**      **4:00 P.M.**

**IV. CITY COUNCIL DISCUSSION / INITIATIVES / COMMENTS**      **4:15 P.M.**

**V. CITY COUNCIL AGENDA REVIEW**      **4:30 P.M.**

**VI. INFORMAL SESSION**      **-CITY COUNCIL CONFERENCE ROOM-**

    A.    CALL TO ORDER      **4:45 P.M.**

    B.    CITY COUNCIL ROLL CALL

    C.    RECESS TO CLOSED SESSION

**VII. FORMAL SESSION**      **-CITY COUNCIL CHAMBER-**

    A.    CALL TO ORDER - Mayor Robert M. "Bobby" Dyer      **6:00 P.M.**

    B.    INVOCATION

    C.    MOMENT OF SILENCE

D.   PLEDGE OF ALLEGIANCE TO THE FLAG OF THE UNITED STATES OF AMERICA

E.   ROLL CALL OF CITY COUNCIL

F.   CERTIFICATION OF CLOSED SESSION

G.   MINUTES

1.   INFORMAL and FORMAL SESSIONS – June 7, 2026

2.   INFORMAL and FORMAL SESSIONS – June 14, 2026

H.   MAYOR'S PRESENTATION

1.   RECOGNITION OF KING NEPTUNE LII
Adam M. Carroll and Court
Will Driscoll, Celebration Chair
Katie Collett, Celebration Chair

I.   PUBLIC HEARING

1.   DECLARATION AND SALE OF EXCESS PROPERTY
Approximately 341.4 +/- acres at 2500 Tournament Drive (known as Virginia Beach National Golf Course) to Dragas Associates, Inc.

J.   FORMAL SESSION AGENDA

1.   CONSENT AGENDA

K.   ORDINANCES/RESOLUTIONS

1.   Ordinance to **DECLARE** 341.4 +/- acres of City-owned property at 2500 Tournament Drive to be in **EXCESS** of the City's needs; **APPROVE** the Term Sheet for the redevelopment of the Virginia Beach National Golf Course; and **AUTHORIZE** the City Manager to enter into a Purchase and Development Agreement with Dragas Associates, Inc. re **sale and development of the property**

2.   Resolution to **EXTEND** the City/School Revenue Sharing Policy to June 30, 2028 (Requested by Virginia Beach School Board)

3.   Ordinance to **APPOINT** Bridget Henzel to the position of Assistant City Attorney, effective July 9, 2026

4.   Resolution to **AUTHORIZE** the issuance of Revenue Bonds in an amount not to exceed $7-Million by the Virginia Beach Development Authority (VBDA) re **Victoria Place Apartments**

5.   Ordinance to **AUTHORIZE** the City Manager to **EXECUTE** a five (5) year Ground Lease Agreement with T-Mobile Northeast, LLC for a portion of City-owned property at 616 North

Great Neck Road re **maintaining and operating wireless telecommunications facilities**

6. Ordinance to **AUTHORIZE** temporary encroachments into a portion of a City-owned right-of-way known as Twin Mills Road re **construct and maintain a monument sign with landscaping and underground electrical conduit** DISTRICT 5

7. Ordinance to **DONATE** twenty-five (25) ballistic vests to the Department of Emergency Medical Services (EMS) of Northampton County re **enhance personnel safety**

8. Ordinance to **ACCEPT** and **APPROPRIATE** $187,626 from the Virginia Department of Behavioral Health and Developmental Services (DBHDS) to the FY2026-27 Human Services Operating Budget re **Peer Pilot Program for individuals adjudicated as Not Guilty by Reason of Insanity (NGRI)** and **AUTHORIZE** two (2) full-time grant funded positions re **targeted peer support services**

9. Ordinance to **ACCEPT** and **APPROPRIATE** $45,540.70 from the Virginia Department of Health's Office of Emergency Medical Services to the FY2026-27 Department of Emergency Medical Services (EMS) Operating Budget and **AUTHORIZE** a grant match of $45,540.70 from existing funds in Capital Project #100729, "Public Safety Equipment Replacement II" re **purchase one (1) Stair Pro Stair Chair and three (3) Power Stretchers**

10. Ordinance to **ACCEPT** and **APPROPRIATE** $28,236 from the Congestion Mitigation and Air Quality Improvement Program (CMAQ) to the FY2026-27 Non-Departmental Operating Budget re **reimbursement to the Vehicle Replacement Program**

11. Ordinance to **ACCEPT** and **APPROPRIATE** $26,621 from the Virginia Department of Behavioral Health and Developmental Services (DBHDS) to the FY2026-27 Human Services Operating Budget re **Problem Gambling Prevention Program**

12. Ordinance to **ACCEPT** and **APPROPRIATE** $8,775 from the Virginia Department of Historic Resources (DHR) to the FY2026-27 Planning and Community Development Operating Budget; **AUTHORIZE** a grant match of $8,775; and **AUTHORIZE** the City Manager to **EXECUTE** a Subgrant Agreement re **update one (1) National Registrar of Historic Places nomination**

13. Ordinance to **ACCEPT** and **APPROPRIATE** $6,699 from the Commonwealth to the FY2026-27 Office of the Voter Registrar Operating Budget re **fund salary adjustments approved by the General Assembly**

L. PLANNING

1. **BH FARMHOUSE, LLC / THE FARMHOUSE LLC** for a <u>Variance</u> to Section 4.4(b) of the Subdivision Regulations re **lot width** and a <u>Conditional Change of Zoning</u> from Conditional B-2 Community Business District to Conditional B-4 Mixed-Use District re **develop site into a 251-unit multi-family development with commercial space** at 1805 Kempsville Road DISTRICT 7

    RECOMMENDATION:                                                         APPROVAL

2. **RONALD KISER / RON & TARAH KISER** for a <u>Change in Nonconformity</u> re **construct a detached garage / storage shed** at 1330 Credle Road DISTRICT 6

   RECOMMENDATION: APPROVAL

3. **PUNGO SQUARE REAL ESTATE, LLC & ALLAN W. BROCK, JR.** for a <u>Conditional Change of Zoning</u> from B-1 Neighborhood Business District & AG-2 Agricultural District to Conditional B-2 Community Business District re **allow additional retail businesses** at 1776 Princess Anne Road DISTRICT 2

   RECOMMENDATION: APPROVAL

4. **ATKINSON HOLDINGS, LLC** for a <u>Conditional Change of Zoning</u> from I-1 Light Industrial District to Conditional RT-3 Resort Tourist District re **permit retail uses** at 608, 610, 612, 614 & 616 Norfolk Avenue and 633, 637 & 641 10th Street DISTRICT 5

   RECOMMENDATION: APPROVAL

5. **YMCA OF SOUTH HAMPTON ROADS / MEMORIAL UNITED METHODIST CHURCH** for a <u>Conditional Use Permit</u> re **child day-care facility** at 804 Gammon Road DISTRICT 1

   RECOMMENDATION: APPROVAL

6. **COASTAL TRAINING LLC / CP ROADRUNNERS LLC** for a <u>Conditional Use Permit</u> re **indoor recreational facility** at 209 First Colonial Road, Suites 107, 108, 109, 110, 111, 112 & 113 DISTRICT 6

   RECOMMENDATION: APPROVAL

7. **STEVE MERRILL WARNER & SHARI ELAINE WARNER** for a <u>Conditional Use Permit</u> re **home-based wildlife rehabilitation facility** at 4317 Ben Gunn Road DISTRICT 9

   RECOMMENDATION: APPROVAL

8. **CITY OF VIRGINIA BEACH** for <u>Major Entertainment Venue Sign</u> at 1016, 1093 & 1045 19th Street re **Virginia Beach Sports Center** DISTRICT 6

   RECOMMENDATION: APPROVAL

9. **ATLANTIC RENTAL HOMES / TIDEWATER ASSET GROUP LLC** for a <u>Conditional Use Permit</u> re **short term rental** at 913 Pacific Avenue, Unit B DISTRICT 5

   RECOMMENDATION: APPROVAL

10. **SARAH WATKINSON / JOHN & SARAH WATKINSON** for a <u>Conditional Use Permit</u> re **short term rental** at 304 28th Street, Unit 209 DISTRICT 6

    RECOMMENDATION: APPROVAL

11. Ordinance to **AMEND** City Zoning Ordinance (CZO) Section 2303 re **short term rental parking requirements**

    RECOMMENDATION:                                                                APPROVAL

12. Ordinance to **AMEND** City Zoning Ordinance (CZO) Section 237 re **mini-warehouses**

    RECOMMENDATION:                                                                APPROVAL

M.  APPOINTMENTS

- ADVERTISING ADVISORY COMMITTEE

- BAYFRONT ADVISORY COMMISSION

- BEACHES AND WATERWAYS ADVISORY COMMISSION

- CHESAPEAKE BAY ALCOHOL SAFETY ACTION PROGRAM

- CLEAN COMMUNITY COMMISSION

- COMMUNITY ORGANIZATION GRANT REVIEW AND ALLOCATION COMMITTEE

- DEFERRED COMPENSATION BOARD

- DEVELOPMENT AUTHORITY

- FLOOD PREVENTION BOND REFERENDUM OVERSIGHT BOARD

- GREEN RIBBON COMMITTEE

- HISTORIC PRESERVATION COMMISSION

- HOUSING ADVISORY BOARD

- HUMAN RIGHTS COMMISSION

- INDEPENDENT CITIZEN REVIEW BOARD

- OCEANA LAND USE CONFORMITY COMMITTEE

- OPEN SPACE ADVISORY COMMITTEE

- PARKS AND RECREATION COMMISSION

- PUBLIC LIBRARY BOARD

- STOP INC. BOARD

- SOUTHSIDE NETWORK AUTHORITY

- TIDEWATER YOUTH SERVICES BOARD

- VIRGINIA BEACH CANNABIS ADVISORY TASK FORCE

- VIRGINIA BEACH COMMUNITY DEVELOPMENT CORPORATION

N.   UNFINISHED BUSINESS

O.   NEW BUSINESS

P.   ADJOURNMENT

## VIII.   PUBLIC COMMENT / OPEN DIALOGUE

### Open Dialogue

For non-agenda items, each speaker will be allowed three minutes.

If you are physically disabled or visually impaired and need assistance at this meeting, please call the City Clerk's Office at 757-385-4303.

The full Agenda with all backup documents can be viewed in the eDocs Document Archive under: Current Session. If you would like to receive an email with a list of the agenda items for future City Council meetings, please submit your request to TChelius@vbgov.com or call 757-385-4303.

### AGENDA ITEM

Citizens who wish to speak can sign up either in-person or virtually via Web Ex. Anyone wishing to participate virtually, must follow the **two-step process** provided below:
1.   Register for the https://vbgov.webex.com/weblink/register/r812dc1e76f09c70c3a8c0d90ea5247f0
2.   Register with the City Clerk's Office by calling 757-385-4303 prior to 5:00 p.m. on August 11, 2026.

# City Council Members

**Mayor Robert M. "Bobby" Dyer**
bdyer@VBgov.com I 757-385-4581

**Vice Mayor Rosemary Wilson District 5**
rcwilson@VBgov.com I 757-713-3616

**District 1:** David Hutcheson I dhutcheson@VBgov.com I 757-651-7641

**District 2:** Barbara M. Henley I bhenley@VBgov.com I 757-426-7501

**District 3:** Michael F. Berlucchi I mberlucc@VBgov.com I 757-407-5105

**District 4:** Dr. Amelia N. Ross-Hammond I arosshammond@VBgov.com I 757-840-0735

**District 6:** Robert W. "Worth" Remick I wremick@VBgov.com I 757-840-5855

**District 7:** Cal "Cash" Jackson-Green I cjacksongreen@VBgov.com I 757-629-8792

**District 8:** Stacy Cummings I stcummings@VBgov.com I 757-629-8691

**District 9:** Joashua F. "Joash" Schulman I jschulman@VBgov.com I 757-840-1291

**District 10:** Jennifer Rouse I jvrouse@VBgov.com I 757-840-1821

Email all City Council members at CityCouncil@VBgov.com

# City Council Appointees

Patrick A. Duhaney I City Manager

Amanda Barnes I City Clerk

Mark D. Stiles I City Attorney

Sue Cunningham I City Real Estate Assessor

Lyndon S. Remias I City Auditor

City Hall, Building 1
2401 Courthouse Drive
Virginia Beach, VA 23456
Phone: 757-385-4303 I Fax: 757-385-5669